# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD EARL THOMAS,

                Plaintiff,                Case Number: 2:08-CV-11543

v.                                        HON. VICTORIA A. ROBERTS

CHIEF JUDGE ROBERT L. KACZMAREK,
ET AL.,

                Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Edward Earl Thomas has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, currently incarcerated at the Saginaw County Jail in Saginaw, Michigan, is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

Plaintiff's complaint names two defendants, Saginaw County Circuit Court Judge Robert L. Kaczmarek and Saginaw County Sheriff Charles L. Brown. Plaintiff challenges the fairness of proceedings in Saginaw County Circuit Court before the Judge Kaczmarek. It is unclear whether Plaintiff is awaiting trial or serving a jail sentence. He appears to challenge his

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

conviction or the charges for which he is awaiting trial on the grounds that his *Miranda* rights were violated and that he was never in possession of a weapon. Plaintiff also alleges that he has been denied access to his legal mail while detained at the Saginaw County Jail.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted). "*Heck* applies to suits filed by pretrial detainees." *Adams v. Morris*, 90 Fed. App'x 856, 858 (6th Cir. 2004).

A judgment in favor of Plaintiff would imply the invalidity of his detention. His pretrial custody has not been declared invalid. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

With respect to his legal mail claim, Plaintiff alleges no connection between defendant Kaczmarek and his alleged failure to receive his legal mail. Although he also makes no specific

allegation against defendant Brown in this regard, construing the complaint liberally, the Court concludes that his allegation against Brown is based upon a claim that Brown, as sheriff of Saginaw County, is responsible for ensuring that jail inmates receive their legal mail.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *quoting Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by either defendant that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged failure to deliver Plaintiff's legal mail. Accordingly,

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.

<br>

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 25, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 25, 2008.

s/Carol A. Pinegar
Deputy Clerk