# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD EARL THOMAS,

    Plaintiff,        Case Number: 2:08-CV-11543

v.               HONORABLE VICTORIA A. ROBERTS

ROBERT EARL KACZMAREK, ET AL.,

    Defendants.
              /

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN
## OR REINSTATE AND MOTION FOR BOND

  Plaintiff Edward Earl Thomas filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court summarily dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted. Now before the Court are Petitioner's Motion to Reopen or Reinstate and Motion for Bond.

  In his complaint, Plaintiff challenged the fairness of proceedings in Saginaw County Circuit Court before the Judge Kaczmarek, alleging that his *Miranda* rights were violated and that he was never in possession of a weapon. Plaintiff also alleged that he has been denied access to his legal mail while detained at the Saginaw County Jail.

  A judgment in favor of Plaintiff would have implied the invalidity of his detention. His custody has not been declared invalid. Accordingly, under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Plaintiff failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983. In addition, the Court dismissed Plaintiff's claim with respect to his legal mail. Plaintiff alleged no connection between defendant Kaczmarek and his alleged failure to receive

his legal mail. In addition, Plaintiff made no specific allegation against defendant Brown in this regard, and defendant Brown could not be liable under the doctrine of *respondeat superior* because *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978).

Plaintiff's Motion to Reopen or Reinstate fails to establish that the Court's decision that the complaint failed to state a claim upon which relief could be granted was incorrect or based upon a mistake of law or fact. Therefore, the Court will deny the motion.

Plaintiff also has filed a Motion for Bond. Given that the Court has dismissed this matter, the motion will be denied as moot.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Reopen or Reinstate is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bond is **DENIED AS MOOT**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 7, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Edward Earl Thomas by electronic means or U.S. Mail on May 7, 2008.

s/Linda Vertriest
Deputy Clerk